## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

DOUGLAS ROBERT FINCH,

          Petitioner,

v.

WARDEN, FCI SANDSTONE,

          Respondent.

Case No. 25-cv-2300 (LMP/JFD)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

Douglas Robert Finch, pro se.

Trevor Brown and David W. Fuller, **United States Attorney's Office, Minneapolis, MN**, for Respondent.

Under the First Step Act of 2018 ("FSA"), some federal prisoners may earn time credits ("FTCs") toward their release from custody or toward earlier placement in prerelease custody by participating in evidence-based recidivism reduction ("EBRR") programming or productive activities. 18 U.S.C. § 3632(d)(4). Petitioner Douglas Robert Finch filed a petition for a writ of habeas corpus challenging a determination by the Bureau of Prisons ("BOP") regarding when he became eligible to earn FTCs. *See generally* ECF No. 1. On February 12, 2026, United States Magistrate Judge John F. Docherty issued a Report and Recommendation ("R&R") concluding that Finch's petition should be denied. ECF No. 11. Finch filed objections to the R&R, ECF No. 13, so the Court reviews de novo the portions of the R&R to which Finch objects, *see* Fed. R. Civ. P. 72(b)(3). Having completed that review, the Court overrules Finch's objections and adopts the R&R.

## FACTUAL BACKGROUND

On June 5, 2023, Finch was sentenced to a 135-month term of imprisonment and has been in federal custody since that date. ECF No. 7 ¶ 3; ECF No. 7-1 at 2. Prior to his sentencing, Finch completed coursework while he was detained at the Sherburne County Jail. *See United States v. Finch*, No. 21-cr-157 (PAM/ECW), ECF No. 358 at 12–13 (D. Minn. filed May 19, 2023). Over the next two months, Finch was detained at various BOP and non-BOP facilities before he was transported to the Federal Correctional Institution in Gilmer, Texas ("FCI Gilmer"),[1] the BOP institution to which he was designated to serve his sentence, on August 9, 2023. *See* ECF No. 7 ¶¶ 5, 16. Finch did not participate in any EBRR programming or productive activities in the time between his sentencing and his arrival at FCI Gilmer. *Id.* ¶ 17.

Finch's first risk and needs assessment period began upon his arrival at FCI Gilmer on August 9, 2023, *id.*, to determine, among other things, his risk of recidivism and whether he may engage in violent or serious misconduct, as required by the FSA, *see* 18 U.S.C. § 3632(a). Since that date, Finch has earned 180 days' worth of FTCs, and as of June 30, 2025, his projected release date was December 21, 2031. *See* ECF No. 7 ¶¶ 20–21; ECF No. 7-1 at 4.

The BOP considers August 9, 2023, the date Finch arrived at FCI Gilmer and began his first risk and needs assessment period, as the date on which Finch became eligible to

---

[1]     Finch is currently incarcerated at the Federal Prison Camp in Duluth, Minnesota. *See* ECF No. 13-2.

earn FTCs. *See* ECF No. 7 ¶¶ 5, 15, 19. Finch challenges the BOP's determination and asserts that he should have been eligible to earn FTCs as of June 5, 2023, the date he was sentenced. *See* ECF No. 1 at 2.

**PROCEDURAL BACKGROUND**

Judge Docherty issued the R&R on February 12, 2026, recommending that Finch's petition be denied. *See* ECF No. 11 at 3–6. Judge Docherty noted that the FSA precludes a prisoner from earning FTCs "during official detention prior to the date that the prisoner's sentence commences." *Id.* at 3 (quoting 18 U.S.C. § 3632(d)(4)(B)(ii)). Therefore, Judge Docherty concluded that Finch's reading of that provision to mean that Finch "must be allowed to earn time credits *as of* his sentencing date" is incorrect. *Id.* Judge Docherty further noted that a prisoner "must participate in EBRR programming or productive activities in order to earn FSA time credits, and that participation cannot occur until the prisoner has a risk and needs assessment that provides guidance about what the prisoner's programming needs are." *Id.* at 3–4. As a result, Judge Docherty concluded that Finch could begin earning FTCs as of August 9, 2023, because that is the date Finch's first risk and needs assessment period began. *Id.* at 4.

Federal Rule of Civil Procedure 72 allows a party to file "specific written objections" to an R&R "[w]ithin 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). However, the initial copy of the R&R that was mailed to Finch was returned as undeliverable because Finch was transferred to a different BOP facility while this matter was pending. ECF No. 12. The R&R was resent to Finch's new address on March 3, 2026.

3

*Id.* Accordingly, the Court sua sponte extended Finch's deadline to file objections to March 27, 2026. *Id.*

Finch timely filed objections on March 23, 2026. *See* ECF No. 13. Respondent Warden, FCI Sandstone, did not respond to Finch's objections.

## STANDARD OF REVIEW

Under Rule 72 of the Federal Rules of Civil Procedure, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify" the magistrate judge's recommendation. Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C). The Court reviews the portions of the magistrate judge's recommendation to which there are no specific objections for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). A district court must liberally interpret a pro se party's objections to a magistrate judge's order. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## ANALYSIS

A court may grant a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal prisoner "may attack the execution of his sentence through § 2241," *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002), including by challenging the "duration of his physical confinement" and seeking "a speedier release from that confinement," *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973).

Finch objects to the R&R's conclusion that he "was not eligible to earn FSA time credits until he arrived at his designated BOP institution and received a risk-and-needs

4

assessment." ECF No. 13. He argues that this interpretation conflicts with 18 U.S.C. § 3585, *see id.*, which states that a "sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served," 18 U.S.C. § 3585(a). Finch contends that he had "no control" over the BOP's "delay in designating him to his first facility," and that he was "in federal custody and under the authority of the United States government" in the time between his sentencing on June 5, 2023, and his arrival at FCI Gilmer on August 9, 2023. *See* ECF No. 13.

It is true, as Finch notes, that several federal courts have declined to follow the BOP's conclusion that a prisoner may begin earning FTCs only upon arriving at the designated BOP facility where he will serve his sentence. *See, e.g.*, *Yufenyuy v. Warden, FCI Berlin*, 659 F. Supp. 3d 213, 217–18 (D.N.H. 2023); *Patel v. Barron*, No. C23-937-JHC-MLP, 2023 WL 6319416, at *3–5 (W.D. Wash. Sept. 5, 2023), *report and recommendation adopted*, No. C23-937-KKE, 2023 WL 6311281 (W.D. Wash. Sept. 28, 2023); *Jobin v. Warden, FCI-Mendota*, No. 1:23-cv-01700-WBS-SKO (HC), 2024 WL 1367902, at *3–5 (E.D. Cal. Apr. 1, 2024), *report and recommendation adopted*, 2024 WL 2786898 (E.D. Cal. May 30, 2024). These holdings find support in the statutes governing the commencement of criminal sentences. The FSA, for instance, provides that a prisoner "may not earn time credits" for EBRR programming that was completed "during official detention prior to the date that the prisoner's sentence commences." 18 U.S.C. § 3632(d)(4)(B)(ii). And a prisoner's sentence "commences on the date the [prisoner] is received in custody awaiting transportation to . . . the official detention facility at which

the sentence is to be served." *Id.* § 3585(a).  There is therefore nothing prohibiting a prisoner from earning FTCs prior to arriving at "the official detention facility at which the sentence is to be served," because the prisoner's sentence may "commence[]" before that date. *See id.* §§ 3585(a), 3632(d)(4)(B)(ii).

Nevertheless, a prisoner must complete EBRR programming or productive activities to earn FTCs. *Id.* § 3632(d)(4)(A).  And the FSA requires the BOP to perform a risk and needs assessment for each prisoner so that it may "determine the type and amount of [EBRR] programming that is appropriate for each prisoner," *id.* § 3632(a)(3), and "tailor the programs to the specific criminogenic needs of each prisoner so as to most effectively lower each prisoner's risk of recidivism," *id.* § 3632(b)(2).  In rejecting the arguments Finch raises here, many courts, including courts in this District, have reasoned that the requirements imposed by the FSA on the BOP mean that a prisoner cannot earn FTCs "prior to a risk and needs assessment, since that is the tool that informs the BOP what type of programming" the prisoner needs.  *Herndon v. Eischen*, No. 25-cv-453 (NEB/DTS), 2025 WL 3531974, at *2 (D. Minn. Oct. 20, 2025) (citation modified), *report and recommendation adopted*, 2025 WL 3527985 (D. Minn. Dec. 9, 2025); *see also, e.g.*, *Tejeda v. Bureau of Prisons*, No. 24-cv-4343 (JMB/DLM), 2025 WL 4357098, at *3 (D. Minn. Sept. 19, 2025), *report and recommendation adopted*, 2026 WL 526661 (D. Minn. Feb. 25, 2026) (same); *Stinson v. Martinez*, No. 2:23-cv-0751, 2024 WL 4969169, at *7–8 (W.D. La. Nov. 12, 2024) ("[I]t stands to reason that BOP facilities would need to know both the inmate and the EBRR programming and [productive activities] provided by that particular institution to determine eligibility for, and application of, time

credits."), *report and recommendation adopted as modified*, 2024 WL 4965618 (W.D. La. Dec. 3, 2024).

The Court agrees with the reasoning in these decisions and likewise concludes that Finch is not entitled to the habeas relief he seeks. Finch did not begin his first risk and needs assessment period until August 9, 2023, the date he arrived at FCI Gilmer, ECF No. 7 ¶ 15, so BOP could not know until at least that date what his "specific criminogenic needs" were or what EBRR programming was "appropriate" for him, *see* 18 U.S.C. § 3632(a)(3). And while the FSA provides that a prisoner "may *not*" earn FTCs "during official detention *prior to* the date that the prisoner's sentence commences," *id.* § 3632(d)(4)(B)(ii) (emphasis added), it makes no affirmative guarantee that a prisoner *may* begin earning FTCs *as of* the date his sentence commences, *see generally id.*

Further, even if Finch was not required to have a risk and needs assessment to become eligible to earn FTCs, he provides no evidence that he completed any EBRR programming or productive activities between the commencement of his sentence on June 5, 2023, and his arrival at FCI Gilmer on August 9, 2023. To the extent Finch relies on the coursework he completed at the Sherburne County Jail, *see United States v. Finch*, No. 21-cr-157 (PAM/ECW), ECF No. 358 at 12–13 (D. Minn. June 9, 2023), it cannot constitute qualifying EBRR programming or productive activity because he completed it before he was sentenced, *see* 18 U.S.C. § 3632(d)(4)(B)(ii).

For these reasons, Finch's objections are overruled. And because the Court otherwise finds no clear error, *see Grinder*, 73 F.3d at 795, the Court adopts the R&R.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1.     Finch's Objections to the R&R (ECF No. 13) are **OVERRULED**;

2.     The R&R (ECF No. 11) is **ADOPTED**;

3.     Finch's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) is **DENIED**; and

4.     This matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 27, 2026                             *s/Laura M. Provinzino*
                                                             Laura M. Provinzino
                                                             United States District Judge